IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                      CRIMINAL ACTION NO. 3:09-00211

MICHAEL JACKSON


**MEMORANDUM OPINION AND ORDER**

Pending is the United States' Sealed Motion for Extension of Time (ECF No. 62). For the reasons set forth in this Memorandum Opinion and Order, the motion is **GRANTED in part** and **DENIED in part**.

**I.**

This Court granted the United States' request to examine the Defendant for competency and insanity under 18 U.S.C. §§ 4241 and 4242 (ECF No. 25) following a July 5, 2011 *in camera* hearing. At the same hearing, Defendant's counsel moved to videotape the examinations, and this Court granted that motion. Defendant arrived at the Bureau of Prisons MCC-Chicago facility for examination on August 2, 2011. Following representations by Bureau of Prisons psychology staff that videotaping is not possible at MCC-Chicago, this Court ordered the examination to proceed without videotaping. Throughout August and September 2011, MCC-Chicago psychology staff, the United States, and Defendant's counsel engaged in a series of email exchanges, none of which

resulted in the report of Defendant's expert being provided to the MCC-Chicago psychology staff.

On October 5, 2011, this Court entered a sealed order extending the deadline for MCC-Chicago to complete its evaluations. On October 12, 2011, MCC-Chicago requested an additional extension. The October 12 request represented that the examinations could be complete by November 16, 2011, with a report provided to this Court by December 7, 2011. The United States supported this request with a motion (ECF No. 62).

## II.

As discussed in the October 5, 2011, Sealed Order, Defendant's commitment is subject to time limits, set forth in 18 U.S.C. § 4247, which require the Bureau of Prisons to complete competency and insanity evaluations in an expeditious manner. The examinations currently underway were ordered at the request of the United States, and since Defendant has entered a notice of insanity defense, the Court is required to allow the United States to perform its own evaluation and submit its own expert report.[1] The Court will benefit from a report by the United States' expert and completion of the examinations and report currently underway is preferable to the possibility of having to begin examination anew at some future date.

Nonetheless, the Court notes that the United States Attorney and the Attorney General failed to proceed with reasonable diligence in beginning and completing the evaluation. First, the Bureau of Prisons placed the Defendant in a facility incapable of complying with this Court's order to videotape the examinations. Second, the United States' failed to ensure that its expert evaluation

---

[1] *Compare* 18 U.S.C. § 4242(a) ("Upon the filing of a notice . . . that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, *shall* order that a[n] . . . examination of the defendant be conducted . . .") (emphasis added), *with* 18 U.S.C. § 4241(b) ("Prior to the date of the [competency] hearing, the court *may* order that a[n] . . . examination of the defendant be conducted . . . ") (emphasis added).

was proceeding apace. The various allegations and emails traded between the parties about who should have provided what to the government's expert are largely irrelevant because the government bears the ultimate responsibility for procuring its own expert report. Third, the MCC-Chicago psychological staff did not proceed quickly with the evaluation. The evaluation period began in August, and yet in October MCC-Chicago asserted that it did not have some of the information required for the examinations, specifically Defendant's expert report. The request for Defendant's expert report should have been fulfilled by the United States or at least made known to the Court well before the end of the extended examination period. In all, it appears that the Attorney General and the United States did not proceed to conclude the examination in a timely manner, although communication delays with the Defendant's counsel may have contributed to these problems.

Last, the Court acknowledges that its own processes for managing sealed documents, including sealed motions and orders, contributed to some of the delays in this case. Filing and responding to documents in an expedited fashion was complicated by the documents' sealed status, and the Court holds neither Defendant nor the United States responsible for delays related to the Court's document management procedures.

Although mindful of the deficiencies noted above, the Court finds that concluding the examinations presently underway at MCC-Chicago is the proper course of action to resolve the Court's need for an expert report from the United States. However, MCC-Chicago has requested until December 7, 2011 to conclude its report. A December 7 report deadline would allow MCC-Chicago weeks to complete the report even after the long-delayed evaluation is concluded. Given MCC-Chicago's already excessive delays, additional time to produce a report is simply unavailable.

For these reasons, the Court **GRANTS in part** and **DENIES in part** the United States' Motion for Extension of Time. The Court **ORDERS** that MCC-Chicago **complete its evaluations**

of Defendant and **provide its reports to the Court** by **November 18, 2011.** The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

        ENTER:  November 3, 2011

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE